IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HDJ SECURITY, INC.,**
A Florida corporation,

      Plaintiff,

v.                                                          **CASE NO. 5:13-cv-420-RS-GRJ**

**SAUER, INC.,** a Pennsylvania corporation,
And **FEDERAL INSURANCE CO.,** an
Indiana corporation,

      **Defendants.**
_____/

## ORDER

Before me are Defendant/Counter-Plaintiff Sauer Inc.'s and Defendant Federal Insurance Co.'s Motion for Partial Summary Judgment (Doc. 146), Plaintiff/Counter-Defendant HDJ Security, Inc.'s and Counter-Defendant Hartford Fire Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 149), and Sauer Inc.'s and Federal Insurance Co.'s Reply (Doc. 158).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).

The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

An issue of fact is material "if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  *Wright v. Sandestin Investments, LLC,* 914 F. Supp. 2d 1273, 1278 (N.D. Fla. 2012).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment.  *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

I will accept the facts in the light most favorable to Plaintiff/Counter-Defendant HDJ Security, Inc. and Counter-Defendant Hartford Fire Insurance Company. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)).  "'All reasonable

doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

This case arises out of the construction of the Base Logistics Facility Project at Hurlburt Field, Florida. Doc. 148. The Project consists of the construction of a three-story building containing office and warehouse space. *Id.* On June 6, 2011, the U.S. Army Corps of Engineers ("COE"), awarded the Project to Sauer as the general contractor. *Id.* Subsequently, Sauer entered into a subcontract with HDJ for a portion of the Project work – the installation of cast-in-place concrete. *Id.*

Under the Subcontract, HDJ's scope of work included providing labor to place and finish the paving, sidewalks, dumpster pads, and other site work, among other duties. *Id.* Although Sauer agreed to provide up to $690,000 of concrete materials for HDJ to use in completing its work under the Subcontract, HDJ agreed to be responsible for all Concrete Materials in excess of $690,000 that may be required to complete its Subcontract. *Id.* There is a dispute on whether there were any deficiencies with the quality of the work that HDJ completed and the cause of those deficiencies. Doc. 149.

According to Sauer, HDJ did not complete its work on the Project and, consequently, Sauer incurred significant out-of-pocket costs to complete HDJ's scope of work. Doc. 146-16. In response, HDJ claims it did not complete the work

in its original Subcontract because Sauer "de-scoped" the remaining portions of the second floor and the entirety of the third floor from HDJ's Subcontract. Doc. 148. Therefore, according to HDJ, the second and third floors were no longer within HDJ's contractual responsibility. *Id.* Additionally, following the removal of the second and third floors from HDJ's Subcontract, the only remaining work for HDJ to perform was the concrete site work, which included, among other things, the pouring of the sidewalks and parking lots. *Id.* HDJ alleges that it was ready, willing and able to perform this concrete site work, but Sauer refused to allow HDJ to proceed with the work. *Id.*

Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lizard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). Florida courts have held that it is a breach of contract when a subcontractor abandons the project or otherwise refuses to perform its work. *See Sunhouse Constr., Inc. v. Amwest Surety Ins. Co.*, 841 So. 2d 496, 498 (Fla. 3d DCA 2003). Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Avenue CLOE Fund, Ltd. v. Bank of Am., NA*, 723 F.3d 1287, 1293-94 (11th Cir. 2013). In this case, there is a material fact as to whether the terms of the Subcontract were modified or whether HDJ abandoned the project or

otherwise refused to perform under the Subcontract. Accordingly, partial summary judgment is not proper.

## CONCLUSION

The relief requested in Defendant/Counter-Plaintiff Sauer Inc.'s and Defendant Federal Insurance Co.'s Motion for Partial Summary Judgment (Doc. 146) is **DENIED**.

**ORDERED** on March 11, 2015.

> /S/ Richard Smoak
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**